IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASTARR HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>TEK-COLLECT INCORPORATED,<br><br>Serve at:<br>Illinois Corporation Service C<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703<br><br>    Defendant. | Cause No 3:21-cv-230<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff LaStarr Howard ("Plaintiff"), by and through her undersigned counsel, and for her Complaint states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has federal question jurisdiction of this FDCPA matter under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because this is a "civil action arising under the..

Laws… of the United States." The entirety of Defendant's challenged collection activity was directed to Plaintiff at her residence in St. Clair County, Illinois located within the Southern District of Illinois. Plaintiff suffered the harms described herein in this District. Venue is also proper in this District for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Belleville, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debts Plaintiff owe arise out of consumer, family, and household transactions. Specifically, the alleged debt arose from purchases of household goods and services that Plaintiff allegedly made on her Bank of Edwardsville account.

6. Plaintiff has a bona-fide dispute as to the amount of the debt. While Plaintiff did make purchases on her Bank of Edwardsville account, the balance being collected of $179.42 is not due and owing because, to the best of her knowledge, this amount greatly overstates any amount due and owing if any amount was actually due or owing before Defendant began to collect on the alleged debt. Specifically, this alleged debt was from a checking account that Plaintiff closed with a zero balance. As such, she does not believe she owes any amount that is being collected.

7. Defendant Tek-Collect Incorporated ("Defendant") is a foreign corporation with its principal place of business located outside of Missouri.

8. The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9. Defendant is engaged in the collection of debts from consumers through means of using mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## FACTS

10. Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

11. After noticing Defendant reporting on her credit report, Plaintiff first called Defendant in December of 2019 to dispute the debt and inform them of her attorney representation on the alleged debt.

12. Plaintiff informed Defendant that she was calling to dispute the alleged debt.

13. Defendant, after first putting Plaintiff on hold for nearly three minutes, verified Plaintiff's identity.

14. Plaintiff attempted to dispute the debt. Specifically, Plaintiff told Defendant that "I don't think that is the correct amount."

15. Defendant responded by telling Plaintiff her account was "complete" in their office and that Defendant was "no longer collecting on the account."

16. Defendant directed Plaintiff to dispute the debt with the original creditor rather than acknowledging her dispute with Defendant.

17. Thereafter, Plaintiff attempted to dispute the debt with her creditor, who claimed to know nothing about the matter.

18. On January 11, 2021, Plaintiff found Defendant had just re-reported the very same debt as an undisputed collection item. Specifically, Defendant reported the debt as "open" and did not indicate that the debt had been disputed.

19. Thus, Defendant was reporting information about Plaintiff's debt that it knew, or should have known, was false to the credit bureaus. Defendant did this in order to collect the debt from Plaintiff.

20. Furthermore, the representation made by Defendant in credit reporting the debt was false and misleading because, as per what Defendant told Plaintiff in the prior phone call, Defendant wasn't even actually collecting the debt.

21. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to her counsel, a credit score that was diminished by at least twenty points, anxiety, frustration, and worry.

22. Furthermore, Defendant caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff has been deprived of her statutorily created right to truthful information about the debt, specifically that Defendant told Plaintiff they were no longer collecting on the debt while still reporting on her credit; and

   b. Defendant was communicating false information about the debt to Plaintiff and the credit bureaus in order to collect from Plaintiff.

23. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant engaged in the phone call with Plaintiff.

24. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

25. Plaintiff realleges and incorporates by reference all of the above paragraphs.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant committed violations of the FDCPA, see 15 U.S.C. §1692 et seq., including, but not limited to, the following:

a. Falsely representing the character, amount, or legal status of the alleged debt; specifically, by telling Plaintiff they were no longer collecting on the debt. See 15 U.S.C. §1692e; and

b. Engaging in unfair, misleading and deceptive conduct in connection with collecting the debt, specifically in misrepresenting the amount due, misrepresenting the debt as undisputed, and misrepresenting their involvement in the collection process. See 15 U.S.C. §1692d-f; and

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages in an amount to be determined by the jury;

C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D. For such other relief as the Court may deem just and proper.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
2242 S Brentwood Blvd.,
St. Louis, MO 63144
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorney for Plaintiff